UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jhorgenson Adan-Boada<br>(A-Number: A-220-665-886),<br><br>      Petitioner,<br><br>   v.<br><br>Warden of the California City Detention Center,<br><br>      Respondent. | No.  1:26-cv-03250-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN SEVEN DAYS<br><br>Doc. 1 |

Petitioner Jhorgenson Adan-Boada is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 3.  The Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

1

The Court set a briefing schedule on the petition and ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.  Respondent "submits there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."[1]  Doc. 7 at 1.  While respondent opposes the petition, he does not raise any new arguments.  *See id.* at 1–3.

As respondent has not made any new legal arguments and has not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

Respondent is ORDERED to provide petitioner Jhorgenson Adan-Boada (A-Number: A-220-665-886) with a bond hearing before a neutral decisionmaker within seven (7) days of the date of this Order.  Respondent shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is the government's burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondent does not provide petitioner with a

---

[1] Respondent indicates that petitioner was re-detained following an encounter with law enforcement.  Doc. 7 at 1.  The exhibits attached to respondent's opposition allege that petitioner was arrested for a misdemeanor moving traffic violation.  *See* Doc. 7-2 at 5.  Respondent does not argue that this prior arrest shifted the statutory authority to detain petitioner to 8 U.S.C. § 1226(c).  While petitioner's misdemeanor arrest may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, it does not eliminate petitioner's due process right to such determination.

[2] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

2

bond hearing within seven days, then respondent must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    May 6, 2026

_____
UNITED STATES DISTRICT JUDGE

3